Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 00 C 752 | **DATE** | 9/18/2001 |
| **CASE TITLE** | Dawn C. Sanchez vs. Commonwealth Edison | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　　☐ FRCP4(m)　☐ General Rule 21　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. It Is Hereby Ordered that Plaintiff's Motion to Amend the Pretrial Order (#57-1) is Denied. All matters relating to the referral of this action having been resolved, the case is returned to the Assigned Judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | SEP 19 2001 | |
| | Notified counsel by telephone. | | | date docketed | 63 |
| ✓ | Docketing to mail notices. | | | 15 | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | FD-7 FILED FOR DOCKETING 01 SEP 18 PM 1:56 | | |
| AC | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

DOCKETED
SEP 19 2001
SEP 19 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN C. SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 752 |
| | ) | Judge Ronald A. Guzman |
| v. | ) | |
| | ) | Magistrate Judge |
| COMMONWEALTH EDISON CO., | ) | Arlander Keys |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dawn C. Sanchez, moves this Court pursuant to Federal Rule of Civil Procedure 16 to amend her Pretrial Order. Plaintiff alleges that the Pretrial Order erroneously concedes disputed facts in the sexual discrimination and retaliation lawsuit that she filed against her employer, and seeks to correct those alleged erroneous admissions. For the reasons set forth below, the Court denies Plaintiff's Motion to Amend the Pretrial Order.

### PROCEDURAL HISTORY

Plaintiff began working for Defendant, Commonwealth Edison, in 1976. In 1978, Defendant promoted Plaintiff to the position of Radiation Protection Technician ("RP Tech") at its Dresden Nuclear Power Plant facility, a position that Plaintiff holds today. In 1997, Plaintiff filed suit against Commonwealth Edison, alleging sexual discrimination, sexual harassment, and retaliation for her activites in opposing the hostile work environment. Judge Hart granted Defendant's motion for summary judgment on January 6, 1999, ruling that the conduct of which Plaintiff complained was



neither severe nor pervasive, and that Plaintiff presented insufficient evidence of retaliation. *Spencer v. Commonwealth Edison Co.*, No. 97 C 7718, 1999 WL 14486 (N.D. Ill. Jan. 6, 1999) [1]

One year later, on February 7, 2000, Plaintiff filed a second lawsuit against Defendant, claiming once again that she was the victim of sexual harassment and charging that Defendant retaliated against her for complaining of the harassment. The parties engaged in extensive discovery and, in March, 2001, the parties began negotiating the Pretrial Order. The parties exchanged several drafts of the Pretrial Order before filing a signed "Final Pretrial Order" with the court on June 8, 2001.

On April 30, 2001, Defendant filed its motion for summary judgment and its Rule 56.1 Statement of Material Fact ("Rule 56.1 Statement"). Plaintiff filed her response to Defendant's motion on June 7, 2001, arguing that several material issues of fact were in dispute and precluded the entry of summary judgment. In its reply brief, filed on June 14, 2001, Defendant argued that summary judgment was warranted, in part, because many of the issues of (allegedly) disputed fact that Plaintiff relied upon were actually conceded admissions in the parties' Final Pretrial Order (the "disputed paragraphs"). Defendant filed a motion to strike the disputed paragraphs in Plaintiff's Response to Defendant's Rule 56.1 Statement of Material Fact and additional facts that conflicted with admissions made in the Pretrial Order.

On July 10, 2001, Plaintiff responded to the motion to strike. Next, Plaintiff filed a Motion to Amend the Pretrial Order on July 13, 2001. On July 17, 2001, Judge Guzman heard argument on Plaintiff's Motion to Amend, and directed Plaintiff to file a supplemental brief on the matter. Plaintiff then filed a Renewed Motion to Amend the Pretrial Order on July 25, 2001, arguing that

---

[1] Dawn Sanchez was formerly known as Dawn Spencer.

the disputed paragraphs were moved from the contested to the uncontested portion of the Pretrial Order without her knowledge or consent. Defendant responded to Plaintiff's motion on August 3rd, and Plaintiff filed her Reply on August 6, 2001. Judge Guzman referred the matter to this Court on August 9, 2001.

## BACKGROUND FACTS

Central to Plaintiff's Renewed Motion to Amend is her contention that facts that she considered to be in dispute were moved, without her knowledge or consent, from the contested to the uncontested section of the Pretrial Order. Therefore, the Court will review the events surrounding the filing of the Pretrial Order.

The parties began negotiating the terms of the Pretrial Order in March, 2001. On April 23, 2001, Plaintiff submitted to Defendant a draft of the Pretrial Order, enclosing a disk of the Order for Defendant's review. Plaintiff forwarded the proposed joint exhibits two days later. That same day, April 25, 2001, Defendant drafted a letter to Plaintiff, highlighting Defendant's revisions to the Order and explaining that Defendant wished to move certain factual allegations from the contested into the uncontested portion of the Pretrial Order. Defendant forwarded an additional letter to Plaintiff on April 26, 2001, advising Plaintiff that it had made minor changes to the Statement of Uncontested Fact. Plaintiff advised Defendant on April 30, 2001, that she had moved facts from the uncontested to the contested portion of the Pretrial Order. On April 30, 2001, Defendant filed its Motion for Summary Judgment. Two days later, on May 1, 2001, Defendant informed Plaintiff that it made minor changes to Plaintiff's most recent draft of the Pretrial Order.

The parties disagree as to what happened next. Plaintiff contends that, on May 7, 2001, Defendant forwarded to Plaintiff a revolutionized draft of the Pretrial Order, in which Defendant had

3

placed all of the contested facts into the uncontested section of the Pretrial Order, without notifying Plaintiff. Plaintiff claims that, later that same morning, she returned to Defendant a draft of the Pretrial Order, reallocating the factual contentions into the contested portion of the Pretrial Order. On May 8, 2001, Plaintiff received Defendant's final revisions, which were unaccompanied by correspondence highlighting the changes made to Plaintiff's May 7, 2001 draft. Defendant denies that the entire May 7, 2001 exchange ever occurred. Notably, even though other exchanges of the Pretrial Order were accompanied by correspondence, there is no correspondence documenting the alleged May 7, 2001 exchange.

Plaintiff then claims that she promptly submitted a final draft of the Pretrial Order to Defendant for signature on May 8, 2001, in an attempt to comply with the court's filing deadline. Plaintiff filed a motion with the court that same day, stating that she would be filing the Pretrial Order *instanter*. Defendant claims that it received an <u>unsigned</u> copy of the Pretrial Order on May 8, 2001. Defendant alleges that it signed the copy of the Pretrial Order and returned it to Plaintiff, but does not reveal when this final exchange occurred. The parties apparently both signed and filed the Pretrial Order on June 8, 2001.

On June 7, 2001, Plaintiff filed her Response to Defendant's Motion for Summary Judgment and her Rule 56.1 (b)(3)(A) Statement of Fact. Plaintiff's response challenged Defendant's motion on the grounds that disputed issues of material fact precluded summary judgment. Allegedly unbeknownst to Plaintiff, several of these "disputed" facts were conceded in the uncontested portion of the Pretrial Order. On June 14, 2001, Defendant filed its Reply and Motion to Strike, noting that Plaintiff's response improperly attempted to defeat summary judgment, in part, by characterizing facts, which Plaintiff had conceded as uncontested in the Pretrial Order, as disputed.

Almost one month later, on July 13, 2001, Plaintiff filed a Motion to Amend the Pretrial Order, arguing that defense counsel had erroneously and simultaneously listed certain facts in both the contested and uncontested portions of the Pretrial Order. However, on July 17, 2001, when Judge Guzman asked Plaintiff to demonstrate this erroneous duplication in open court, Plaintiff was unable to do so. Rather, these disputed paragraphs appeared only in the uncontested portion of the Pretrial Order. The court directed Plaintiff to file a brief explaining why these facts should not be deemed admitted.

## STANDARDS

Federal Rule of Civil Procedure 15 provides that leave to amend should be granted freely when justice so requires. Fed. R. Civ. R. 15(a) (2001). However, a court need not grant such a motion when there exists undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001).

In the case of pretrial orders, however, a different rule applies. Federal Rule of Civil Procedure 16 provides that pretrial orders "shall control the subsequent course of the action unless modified by a subsequent order." Fed. R. Civ. P. 16(e) (2001). "Because the parties rely on the pretrial conference to inform them precisely what is in controversy, the pretrial order is treated as superseding the pleadings and establishes the issues to be considered at trial." *Erff v. Markhon Indust. Inc.*, 781 F.2d 613, 617 (7th Cir. 1986). Moreover, "[t]he order following a final pretrial conference shall be modified only to prevent manifest injustice." *Id.*; *Gorlikowski v. Tolbert*, 52 F.3d 1439, 1443-44 (7th Cir. 1995).

5

The purpose of Rule 16(e) is to promote efficiency and conserve judicial resources "by identifying the real issues prior to trial." Fed.R.Civ.P. 16, advisory committee notes to subdivisions c & e. Therefore, parties seeking to modify final pretrial orders are held to a "stringent standard," requiring courts to:

> weigh the possible hardship imposed on the respective parties by allowing or refusing to allow the order to be modified; the court must also balance the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements.

*Matter of Delagrange*, 820 F.2d 229, 232 (7th Cir. 1987).

## DISCUSSION

In her Renewed Motion to Amend the Pretrial Order, Plaintiff asks the Court to permit her to place the disputed paragraphs[2] of the Agreed Statement of Uncontested Facts into the contested section of the Pretrial Order. Plaintiff argues that the Court should grant her motion because the disputed paragraphs were deemed uncontested without her knowledge and consent, and that denying her the opportunity to amend would improperly elevate the need for maintaining orderly procedural arrangements over justice on the merits. Plaintiff asserts that, even though the parties filed a "*Final* Pretrial Order," and even though the parties negotiated the terms of this document for weeks, Plaintiff should not be held to the stringent standard imposed upon parties seeking to amend final pretrial orders, because the court had not yet conducted its final pretrial conference. Nevertheless, Plaintiff apparently concedes that it is Rule 16, and not Rule 15, that governs the resolution of her motion.

---

[2] Specifically, paragraphs 26, 29, 30, 33, 34-37, 39, 41, 42, 44, 45, 48, 60, 63, and 64 of the uncontested fact section of the Pretrial Order.

Plaintiff's arguments notwithstanding, the Court denies Plaintiff's motion. Importantly, Plaintiff has failed to demonstrate that the "disputed paragraphs" actually consist of contested material facts. To the contrary, the evidence does not support Plaintiff's claim that the disputed facts that she "erroneously" conceded in the Pretrial Order as uncontested are actually contested by admissible evidence.

In deciding whether to permit a party to amend a pretrial order, the Court may properly consider the impact that refusing the amendment will have on the outcome of the action. *See Maljiot v. Southern California Retail Clerks Union*, 735 F.2d 1133, 1137 (9th Cir. 1984). Even if these alleged disputed paragraphs found their way into the uncontested portion of the Pretrial Order by means of error, permitting Plaintiff to amend the Pretrial Order would not alter the underlying evidence before the Court. *Id.* (denying plaintiff's motion to amend pretrial order to correct error under Rule 16 where there was no evidence of error in the record, and permitting the amendment would not have altered the outcome of the case.) In this case, the underlying evidence does not support Plaintiff's attempt to deny the disputed paragraphs. Because permitting the amendment would not be in the interest of justice, and because denying the amendment would not prevent a review of Plaintiff's case on the merits, the Court denies Plaintiff's Renewed Motion to Amend the Pretrial Order.

A review of the disputed paragraphs reveals that Plaintiff's evidence fails to contradict Defendant's assertions. In many instances, Plaintiff improperly seeks to create a genuine issue of fact via amendment by relying upon her own contradictory testimony or hearsay testimony.

For example, Plaintiff argues that she never intended to concede as uncontested Defendant's assertion in ¶31 of its Rule 56.1 Statement of Material Fact ("Rule 56.1 Statement")[3]. Paragraph 31 provides that:

> Plaintiff alleges she heard 'strong language' at Braidwood during the outage. (Sanchez, Tr. 234). Plaintiff did not, however, bring such complaints regarding Braidwood station to any ComEd Department Head, HR, or Corporate Services/EEO, nor did she file a PIF/CR. (Sanchez, Tr. 235-38).

In response, Plaintiff attacks Defendant's assertion by arguing that she

> Does not dispute that she heard sexual, strong language at Braidwood, however, Plaintiff disputes that she did not bring any complaints regarding the conditions at Braidwood Station to the attention of management. Plaintiff believes she reported the open and obvious conditions at Braidwood to management. Exhibit A-Sanchez Dep. 237-238.

Pl. Resp. Rule 56.1 ¶31.

Plaintiff's assertions are not responsive, and her record citations do not support a denial of Defendant's factual assertion. While Defendant addresses the issue of whether Plaintiff reported only <u>strong language</u> at Braidwood, Plaintiff responds that she believes that she reported many of the <u>open and obvious conditions</u> at Braidwood. Plaintiff improperly expands upon Defendant's assertion with facts that are addressed elsewhere in the Rule 56.1 Statement. More importantly, Plaintiff's cited evidence does not support the assertion that Plaintiff reported strong language to the appropriate Commonwealth Edison personnel, or that she filed a PIF/CR regarding strong language at Braidwood. Viewed in a light most favorable to Plaintiff, Plaintiff's cited deposition testimony

---

[3] Paragraph 31 of the Rule 56.1 Statement corresponds to ¶ 33 of the Statement of Uncontested Facts in the Final Pretrial Order. The Court references the disputed paragraphs with regard to their numbering in the Rule 56.1 Statement because it is there, and not in Plaintiff's Renewed Motion to Amend the Pretrial Order, that Plaintiff challenges Defendant's factual assertions in detail.

8

indicates that she may have reported inappropriate graffiti on hard hats – not strong language – at Braidwood to a supervisor named Chip, but she could not recall whether she actually did so. Pl. Dep. at p. 237-38. Notably, this testimony contradicts Plaintiff's earlier statement that she did not think that she had brought any complaints to Chip, except possibly a complaint about a scrub shortage at Braidwood. Pl. Dep. at p. 223-24. Because Plaintiff has not presented any evidence that she properly reported strong language at Braidwood, permitting Plaintiff to amend the Pretrial Order to dispute this assertion would be inappropriate.

Plaintiff also disputes ¶ 29 of Defendant's Rule 56.1 Statement, which mirrors ¶ 30 of the Pretrial Order, claiming that she was the object of abusive and foul language because of her sex, and that her male supervisor, Joe Ferguson, was not subjected to such abuse. However, a review of the evidence Plaintiff cites in support of this contention actually contradicts Plaintiff's position. At her deposition, Plaintiff testified that contractors used profanity because they wanted to move through her checkpoint quickly and were frustrated by heat and delays. Pl. Dep. at p.112. Plaintiff conceded that she could not recall any gender-based comments made by these contractors, *Id.* at p.113, and that these contractors responded to another male supervisor, Dave, in a similar manner. *Id.* at p.138. Notably, Plaintiff admitted that the contractors would not swear at Joe Ferguson because he was a supervisor, not because he was a man. *Id.* at p.178. Contrary to Plaintiff's assertions, this evidence does not justify denying Defendant's factual assertion in ¶29 of the Rule 56.1 Statement, nor would it be unjust to require Plaintiff to stand by her corresponding concession in the Pretrial Order.

To create other disputes, Plaintiff relies upon double and even triple hearsay. For example, Plaintiff takes issue with ¶ 34 of the Rule 56.1 Statement, which is identical to ¶ 36 of the Pretrial Order, disputing Defendant's assertion that Commonwealth Edison supervisor Darris Palmer

9

reprimanded Doug Coble for making sexually explicit remarks in Plaintiff's presence. In support of her position, Plaintiff cites her own conflicting deposition testimony, which is riddled with hearsay. At her deposition, Plaintiff testified that a coworker, Shirley Kennedy, told her that Palmer did reprimand Coble and warned Coble about using such language in front of Plaintiff, because Plaintiff had previously filed suit against Defendant. Pl. Dep. at p.35. Plaintiff further testified that, when she confronted Palmer about referencing Plaintiff's prior lawsuit, Palmer denied saying anything about the lawsuit. *Id.*. at p.37. Plaintiff then testified that, when she asked Kennedy about whether Palmer reprimanded Coble, Kennedy told Plaintiff that Coble told Kennedy that Palmer had reprimanded Coble. *Id.* at p. 38.

The Court finds that this evidence is insufficient to dispute Defendant's factual assertions. Plaintiff's dizzying "evidence" consists of inadmissible hearsay that fails to refute Defendant's statement. Moreover, Plaintiff does not dispute that after this incident, Coble was kind and polite to her. This evidence hardly demonstrates that permitting the Pretrial Order to stand unamended would prevent the Court from considering Plaintiff's claims would on the merits.

After reviewing the remaining disputed paragraphs, the Court reaches the same conclusion: even if Plaintiff had not conceded these paragraphs in the Pretrial Order, she would still be saddled with the underlying evidence, which does not justify denying Defendant's assertions. The Court briefly addresses the remaining disputed paragraphs.

* ¶ 25 of the Rule 56.1 Statement/ ¶ 26 of the Pretrial Order: Plaintiff's cited evidence does not contradict Defendant's factual assertion. Specifically, Plaintiff's references to Massey and Ferguson's testimony fail to demonstrate that Commowealth Edison did not circulate its sexual harassment policy to employees. To the contrary, both men testified that they were aware of the

policy, and that they believe they had seen copies of the policy; but they do not believe that ComEd management ever "read" the policy to them. In addition, Plaintiff testified that the policy was repeatedly distributed in the station newsletter and posted in the breakroom.

* ¶ 32 of the Rule 56.1 Statement/ ¶ 34 of the Pretrial Order: Plaintiff attempts to create a genuine issue of fact by improperly relying upon hearsay testimony, and attempts to refute Defendant's assertion by including unresponsive, additional facts. Moreover, Plaintiff testified at her deposition that she could not recall comments made regarding her gender. Pl. Dep. at p. 112-13.

* ¶ 33 of the Rule 56.1 Statement/ ¶ 35 of the Pretrial Order: Plaintiff denies Defendant's assertion by improperly responding with unsupported argument.

* ¶ 35 of the Rule 56.1 Statement/ ¶ 37 of the Pretrial Order: Plaintiff challenges Defendant's assertion on the grounds that it is incomplete, and responds by enumerating additional incidents of inappropriate graffiti, t-shirts, and comments. These assertions are addressed elsewhere in the Rule 56.1 Statement, and are, therefore, not responsive to Defendant's assertion.

* ¶ 37 of the Rule 56.1 Statement/ ¶ 39 of the Pretrial Order: Plaintiff does not dispute Defendant's assertion, but merely indicates that it is incomplete. Otherwise, Plaintiff's deposition testimony directly supports the Defendant's assertions.

* ¶ 38 of the Rule 56.1 Statement, which is similar to ¶ 34 of the Pretrial Order: Plaintiff attempts to rely upon inadmissible hearsay to refute Defendant's assertion. Plaintiff's own testimony supports Defendant's assertion. Pl. Dep. at p. 112-13.

* ¶ 39 of the Rule 56.1 Statement/ ¶ 40 of the Pretrial Order: Plaintiff does not properly refute Defendant's assertion, but merely includes additional non-responsive facts.

* ¶ 40 of the Rule 56.1 Statement/ ¶ 41 of the Pretrial Order: The cited evidence does not support Plaintiff's contention that Defendant did not clean up graffiti when she reported it. Moreover, Plaintiff testified that she could not recall whether she reported graffiti on hard hats to Commonwealth Edison management. Because Plaintiff can not point to any evidence that she reported these alleged improprieties, and because Plaintiff would bear the burden of introducing such evidence at trial, it would be inappropriate to permit Plaintiff to amend the Pretrial Order to deny this statement.

* ¶¶ 42 and 43 of the Rule 56.1 Statement/ ¶¶ 44, 45 of the Pretrial Order: Defendant asserts that Plaintiff claims that she has seen only four contractors wearing inappropriate T-Shirts; specifically, Plaintiff witnessed contractors in (3) "Big Johnson" T-Shirts, and (1) "Turkey Testicle Festival" T-Shirt. In response to Defendant's assertion, Plaintiff contends that she saw five, not four, inappropriate T-Shirts, referencing an additional T-Shirt depicting female breasts. A review of Plaintiff's deposition testimony reveals that Defendant is correct, Plaintiff did testify that she could only recall seeing <u>four</u> inappropriate T-Shirts. *However*, Plaintiff testified that the four T-Shirts she saw consisted of (2) "Big Johnson" T-Shirts, (1) "Turkey Testicle Festival" T-Shirt, and (1) T-Shirt depicting female breasts. The Court finds that this error is immaterial, and does not warrant amending the Pretrial Order.

* ¶ 46 of the Rule 56.1 Statement/ ¶ 48 of the Pretrial Order: Plaintiff's denial is not supported by her citations to the record, and her additional conclusory assertions are not responsive.

* ¶ 48 of the Rule 56.1 Statement/ ¶ 50 of the Pretrial Order: Plaintiff's denial is not supported by her citations to the record. To the contrary, Defendant's assertion is supported by

Plaintiff's deposition testimony. Pl. Dep. at pp. 95-99. Plaintiff's additional conclusory assertions are not responsive.

* ¶ 58 of the Rule 56.1 Statement/ ¶ 60 of the Pretrial Order: Plaintiff fails to dispute the Defendant's underlying factual assertions, and instead improperly interjects conclusory assertions.

* ¶¶ 62 and 64 of the Pretrial Order: Plaintiff's deposition testimony fairly supports Defendant's assertions.

In short, given the evidence before the Court, even if the disputed paragraphs were placed in the uncontested portion of the Pretrial Order by mistake, Plaintiff has hardly given away the farm. Plaintiff cannot avoid the impact of her own testimony simply by recategorizing uncontested facts as contested, or by claiming that immaterial facts are material. In the end, a review of the underlying evidence contradicts Plaintiff's claim that refusing to allow her to amend the Pretrial Order will work a manifest injustice or will deny her a review on the merits.

Moreover, the Court disagrees with Plaintiff's argument that permitting her to correct her "error" would not be prejudicial to Defendant. The parties spent weeks negotiating the Pretrial Order. Defendant alerted Plaintiff of the apparent inconsistencies between her summary judgment response and the Pretrial Order in its June 14, 2001 Reply to Plaintiff's Response to the Motion for Summary Judgment, and yet Plaintiff did not seek to correct the alleged error until almost one month later. During this month, Defendant contends that it expended significant time and expense preparing for trial, and the record indicates that, absent the entry of summary judgment, a trial date was imminent. Therefore, the cost of correcting this "error" is not insignificant to Defendant.

Finally, the Court is troubled by some of Plaintiff's contentions in this case. Plaintiff's insinuation that Defendant may have engaged in misconduct or trickery is not supported by the

evidence, and Plaintiff's allegations regarding the May 7, 2001 exchange of the Pretrial Order border on incredulity. Ultimately, a review of the Rule 56.1 Statement of Material Fact, the supporting evidence, and the correspondence between the parties simply fails to demonstrate that Plaintiff's concessions in the Pretrial Order were the product of mistake. Rather, the record indicates that Plaintiff conceded the facts in the disputed paragraphs while negotiating the Pretrial Order, and disavowed the position when confronted with the impact that these concessions had upon summary judgment. Given the underlying evidence in this case, however, Plaintiff can not avoid the impact of the evidence simply by reallocating the disputed paragraphs from the uncontested to the contested section in the Pretrial Order. Therefore, amending the Pretrial Order would be inappropriate.

## CONCLUSION

Having carefully reviewed the entire record, and for the reasons set forth above, the Court finds that amendment of the Pretrial Order is not warranted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend the Pretrial Order be, and the same hereby is, **DENIED**.

Dated: September 18, 2001                    ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge