# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 00 C 0752 | **DATE** | 9/30/2002 |
| **CASE TITLE** | Dawn C. Sanchez vs. Commonwealth Edison Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and Recommendation submitted to Judge Guzman. It is recommended that Defendant's Motion for Attorneys' Fees be denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 02 2002 date docketed | 79 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| AC | courtroom deputy's initials | 02 OCT -1 AM 9:41 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN C. SANCHEZ, | ) | Case No. 00 C 0752 |
| Plaintiff, | ) | |
| | ) | Judge Ronald A. Guzman |
| v. | ) | |
| | ) | Magistrate Judge |
| COMMONWEALTH EDISON CO., | ) | Arlander Keys |
| Defendant. | ) | |

DOCKETED
OCT 0 2 2002

TO: THE HONORABLE RONALD A. GUZMAN
UNITED STATES DISTRICT COURT JUDGE

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Commonwealth Edison's Motion for Attorneys' Fees, pursuant to 42 U.S.C. § 2000e-5(k). For the reasons set forth below, the Court recommends that Defendant's motion be denied.

### BACKGROUND

Plaintiff Dawn C. Sanchez began working for Defendant, Commonwealth Edison, in 1976. In 1997, Plaintiff filed her first suit against Defendant, seeking relief for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. ("Title VII"). In her complaint, Plaintiff accused Defendant of sexual discrimination, sexual harassment, and retaliation for her activities in opposing the alleged hostile work environment. Judge William T. Hart granted Defendant's motion for

79

summary judgment on January 6, 1999, ruling that the conduct of which Plaintiff complained was neither severe nor pervasive, and that Plaintiff presented insufficient evidence to prove pretext or retaliation. *Spencer[1] v. Commonwealth Edison Co.*, No. 97 C 7718, 1999 WL 14486 (N.D. Ill. Jan. 6, 1999).

One year later, on February 7, 2000, Plaintiff filed a second lawsuit against Defendant, claiming once again that she was the victim of sexual harassment and charging that Defendant retaliated against her for complaining of the harassment. Again, she sought relief under Title VII. On March 28, 2002, Judge Ronald A. Guzman granted Defendant's motion for summary judgment and dismissed Plaintiff's suit with prejudice. *Sanchez v. Commonwealth Edison Co.*, No. 00 C 752, 2002 WL 472263 (N.D. Ill. Mar. 28, 2002).[2] Defendant subsequently moved for attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).[3]

Defendant argues that, given the judgment in its favor in *Spencer*, Plaintiff did not have a reasonably cognizable basis for

---

[1] Dawn C. Sanchez was formerly known as Dawn C. Spencer.

[2] Judge Guzman simultaneously dismissed all pending matters in this case, including dismissing as moot all of Defendant's outstanding motions in limine. Several of these motions sought to exclude certain evidence that Defendant argued concerned issues that were previously litigated and therefore barred in the current action by res judicata. (*See, e.g.* Defendant's Motion in Limine, filed May 1, 2001.)

[3] Judge Guzman referred this motion to the Court on April 16, 2002.

filing her second lawsuit against Defendant, and therefore, Defendant is entitled to attorneys' fees. (Def.'s Mot. Atty's. Fees at 3.) However, Plaintiff asserts that her second lawsuit against Defendant was not duplicative, and consequently not groundless and unreasonable, because it was based on continuing harassment which began in 1996 but continued through 2000. (Pl.'s Opp. Def.'s Mot. Atty's Fees at 2.) Plaintiff argues that she could not "preserve her right to be free form sexual harassment in 1999 by appealing the [*Spencer*] decision," so she filed another EEOC charge and subsequently filed her second lawsuit against Defendant. *Id.* at *8.

## FACTS[4]

In both lawsuits against Defendant, Plaintiff alleged that she was the victim of foul and abusive language, derogatory jokes, violations of the modesty garment policy, sexually explicit graffiti and sexually explicit t-shirts. She also asserted in both complaints that she was the subject of retaliation for her complaints and endured intense derision and palpable animosity by co-workers and supervisors, including suffering from an act of vandalism to her car.

Specifically, in *Spencer*, Plaintiff alleged that she was not

---

[4] The facts set forth herein are taken from the respective opinions of *Spencer v. Commonwealth Edison Co.*, No. 97 C 7718, 1999 WL 14486 (N.D. Ill. Jan. 6, 1999) and *Sanchez v. Commonwealth Edison Co.*, No. 00 C 752, 2002 WL 472263 (N.D. Ill. Mar. 28, 2002), as specified.

3

promoted nor given certain training because she is a woman. 1999 WL 14486 at *2-3. Plaintiff also claimed that she "endured foul and abusive language" and was "subjected to offensive sexually explicit graffiti and drawings, sexual gestures and sexually explicit behavior, as well as derogatory jokes about women." *Id.* at *3. She alleged that workers were violating the modesty garment policy by disrobing in non-designated areas or by "wearing lewd t-shirts with derogatory depictions of nude women." *Id.* Plaintiff also claimed that, after she was made a member of the sexual harassment committee, members of management and nonmanagement retaliated against her in the form of threats, derision, harassing phone calls and an incident of vandalism to her car. *Id.* at *4.

In *Sanchez*, Plaintiff alleged that she frequently overheard employees using "foul and abusive language." 2002 WL 472263, at *2-3. She also complained of witnessing several pieces of sexually offensive graffiti, pictures and other materials," including pictures of nude women she saw throughout the facility, "inappropriate jokes" found on a table, and sexually explicit graffiti. *Id.* at *4. Plaintiff also allegedly witnessed employees wearing sexually explicit t-shirts, and saw repeated violations of the modesty garment policy, including seeing men wearing inappropriate clothing under their protective clothing and men changing out of their protective clothing outside of the locker room area. *Id.* at *5. Plaintiff also set forth allegations that

4

she overheard jokes and comments that were derogatory towards women. *Id.* at *6. She also claimed that she was "stigmatized, harassed, mocked and ridiculed for her efforts to confront and report the hostile and offensive environment within which she had to work." *Id.* Plaintiff also alleges that she was retaliated against by management by not being allowed to take a specific class. *Id.* at *7. Finally, Plaintiff complained that her co-workers retaliated against her for her efforts on the sexual harassment committee by deriding her and spreading rumors about her, and on one occasion vandalizing her car. *Id.* at *6.

## STANDARD

Pursuant to 42 U.S.C. § 2000e-5(k), in any action proceeding under Title VII, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." In order for a defendant to be entitled to attorneys' fees, the court must find that the plaintiff's action was "frivolous, unreasonable, or groundless . . . or that the plaintiff continued to litigate after it clearly became so." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

The Seventh Circuit has awarded defendants attorneys' fees "where the plaintiff proceeds in the face of an unambiguous adverse prior ruling" and "where a plaintiff is aware with some degree of certainty of the factual or legal infirmity of his claim." *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1163-64 (7th Cir.

1983). A showing of subjective bad faith by the plaintiff is not required. *Christianburg*, 434 U.S. at 421. The strict standard imposed on defendants seeking attorneys' fees in Title VII actions serves to prevent a "chilling effect" on prospective plaintiffs who may be hesitant to file lawsuits for fear of being ordered to pay attorneys' fees if they do not prevail. *Vandenplas v. City of Muskego*, 797 F.2d 425, 429 (7th Cir. 1986).

## **DISCUSSION**

Res judicata provides that a final judgment on the merits preludes the same parties from relitigating the issues that were or could have been raised in that action. *Federated Dept. Stores v. Moitie*, 452 U.S. 394, 399 (1981). However, a new action alleging that a defendant is engaging in a continuing course of conduct is often not barred by the doctrine of res judicata. *United Food & Commercial Workers Local 100-A Health & Welfare Fund v. City Foods Inc.*, 878 F. Supp. 122, 123 (N.D. Ill. 1995).

In *Sanchez,* Judge Guzman made no findings that Plaintiff's lawsuit was frivolous, unreasonable or groundless, nor does the face of his opinion contain any reference to *Spencer* or to Plaintiff raising claims barred by res judicata. To the contrary, Judge Guzman found evidence to support Plaintiff's claims, although such evidence was insufficient to survive summary judgment. *See, eg., Sanchez*, 2002 WL 472263 at *10 (finding that "these handful of relatively infrequent and distasteful comments and conduct

Plaintiff experienced, spread over a two-year period, cannot be concluded to rise to the level of an environment that violate Title VII.") Presiding over the merits of the case, Judge Guzman had the entire record before him and has a superior understanding of the facts of this case. Thus, it is inappropriate for this Court to revisit an issue that was in Judge Guzman's purview but which he declined to discuss.

Currently, this Court only has authority to make a recommendation on the issue of attorneys' fees. Thus, the Court must look to Judge Guzman's opinion in order to find any evidence that Plaintiff filed a meritless suit. If Judge Guzman did not see fit to dismiss the case at bar on the grounds of res judicata, then this Court, with the limited issue before it, will not recommend an award of attorneys' fees based on res judicata.

Judge Guzman did not address Defendant's allegations of res judicata, even though Defendant's summary judgment pleadings, as well as several motions in limine filed by Defendant, contained several arguments concerning a possible res judicata bar in this case. It appears to this Court that several facts alleged in *Sanchez* are similar to, and even the same as, certain of the facts alleged in *Spencer*, such as the allegations of foul and abusive language, violations of the modesty garment policy, instances of sexually explicit graffiti and t-shirts, and the incident in which Plaintiff's car was vandalized. Plaintiff is correct in asserting

that continuing conduct requires the filing of a new lawsuit, which is not barred by res judicata. However, the Court cannot emphasize enough that filing complaints on matters that have been previously litigated, or asserting the same facts which were previously raised and disposed of in a prior case, may be grounds for sanctions. Res judicata is a valuable, time and cost-saving tool to litigants and the courts and should not be ignored or abused.

However, as stated earlier, the Court will not award attorneys' fees to Defendant based on allegations that Plaintiff's cause of action was meritless when the district court, which ruled on the merits, made no such findings. If Judge Guzman had made a finding that res judicata applied and consequently dismissed Plaintiff's case on those grounds, then this Court would be inclined to award attorneys' fees to Defendant. However, absent such a finding by the district court, this Court will not make a decision, which would, in essence, be contrary to certain findings made by Judge Guzman.

## CONCLUSION

The Court does not find that Plaintiff's suit was frivolous, unreasonable or groundless, based on the district court's declining to make such a finding and its failure to dismiss Plaintiff's complaint on the grounds of res judicata. Therefore, the Court recommends that Defendant's Motion for Attorneys' Fees be denied.

DATED: September 30, 2002          Respectfully Submitted:

*[signature]*
ARLANDER KEYS
United States Magistrate Judge

Counsel have ten days from the date of service to file an objection to this Report and Recommendation with the Honorable Ronald A. Guzman. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). A failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).